IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02197-WJM-MEH

BEN GUNN, and
JENNIFER GUNN,

      Plaintiffs,

v.

WCA LOGISTICS, LLC, and
WCA LOGISTICS II, LLC,

      Defendants/Third-Party Plaintiffs,

WILLIAM C. CARTER,

      Defendant,

v.

JOHN E. BREEN,

      Third-Party Defendant.

---

**ORDER**

---

      This matter comes before the Court *sua sponte*. The Court held a discovery hearing August 10, 2015, to discuss the now concluded *in-camera* review by the Court of communications sought by Defendants/Third Party Plaintiffs WCA Logistics and William Carter from Third-Party Defendant John Breen. For reasons stated herein, the Court **orders** the communications be disclosed to Plaintiffs and Defendants/Third-Party Plaintiffs; however, recognizing the potential of harm should the decision be successfully appealed, the Court allows a delay in their disclosure, until **noon on August 17, 2015**, to allow Breen to appeal the decision should he so choose.

Plaintiffs Ben and Jennifer Gunn initiated this action against Defendants WCA Logistics LLC, WCA Logistics II, LLC, and William Carter (collectively, "WCA") in 2013. WCA removed the case to federal court on August 15, 2013, based on diversity of citizenship. Docket #1. Plaintiffs' claims arose from WCA's September 2012 purchase and subsequent management of Plaintiffs' freight brokerage business, formally known as Armada. Docket #4.

On December 5, 2013, WCA asserted four counterclaims against Plaintiffs and a third-party complaint against Breen, WCA's former Chief Operating Officer (COO), who was responsible for the purchase agreement underlying the claims between Plaintiffs and Armada. Docket #19. On December 9, 2013, Breen asserted counterclaims against WCA. Docket #20. WCA then allegedly learned, through written discovery, that Breen, who also previously served as WCA's attorney, assisted Plaintiffs in preparing for and initiating their lawsuit against WCA. Dockets ##50, 53. On June 13, 2014, WCA filed an amended third-party complaint incorporating the newly discovered allegations and asserting the following claims: (1) legal malpractice, (2) negligence per se, (3) breach of fiduciary duty, (4) breach of the duty of loyalty, (5) fraud, and (6) civil conspiracy. Docket #53.

The Third Amended Complaint pleads the following:

- "WCA and WCA II provided Mr. Breen with confidential and proprietary information which they reasonably expected Mr. Breen to keep confidential." Docket #53 at ¶25.
- "Mr Breen continued to communicated with Mr. Gunn regarding WCA, its operations, and Plaintiffs' disputes with Defendants." *Id*. at ¶75.
- "Mr. Breen communicated with Mr. Gunn and Mr. Welton about possible legal claims Plaintiffs could assert in a lawsuit against Defendants." *Id*. at ¶79.
- "Mr. Breen continues to work cooperatively with Plaintiffs in their lawsuit against Defendants and communicates often with Mr. Welton about legal strategies and issues pertaining to the case to the benefit

>   of Plaintiffs and detriment of Defendants." *Id.* at ¶83.
> - "[S]ince the termination of the attorney-client relationship, Mr. Breen has disclosed WCA's and WCA II's confidences and/or secrets to other parties." *Id.* at ¶84.

While Breen disclosed communications with Plaintiffs up until September 14, 2014, and with Plaintiffs' counsel, Charles Welton, through September 8, 2014, in response to discovery request, he did not continue to supplement those disclosures with his ongoing communications with Plaintiffs and Welton through the course of the lawsuit after those dates. *See* docket #180. Breen argues that at that point, [he] was on notice of a potential claim formally of record in these proceedings and his right to self defense arose by operation of law, meaning he had no ongoing duty to supplement. Privilege Log, filed with Court, July 29, 2015.

WCA thus filed a motion to compel the supplemental disclosures of any ongoing communications between Breen and Plaintiffs and Welton [docket #180], on which the Court held a hearing on July 22, 2015 [docket #191]. Breen argued discovery was complete and his communications involved trial preparation and were therefore privileged; further, Breen said he had no further communications with which to supplement discovery. Docket #183.

At the hearing, the Court granted WCA's motion to compel supplemental discovery responses from Breen but ordered the documents be produced first for *in-camera* review. Dockets #180, 191. Breen provided the communications to the Court on July 29, 2015, and the Court held a hearing on August 10, 2015, to discuss the matter with all parties. *See* dockets #196, 201.

The Federal Rules of Civil Procedure require supplemental disclosure in general as follows:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made know to the other

parties during the discovery process or in writing ... .

Fed. R. Civ. P. 26(e)(1). The Rules allow discovery of any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.

Breen's communications revealed *in-camera* review to the Court indicate ongoing communications that the Court finds should have been disclosed to Plaintiffs and WCA as they are not privileged yet are relevant to the alleged legal malpractice claims WCA asserts in the Third Amended Complaint. The Court thus finds that the communications should have been disclosed. However, the Court issues no opinion as to the admissibility of the communications, nor as to whether Breen's communications during the pendency of this lawsuit should form the basis of any legal claim.

## **CONCLUSION**

Accordingly, for the reasons stated above, it is hereby ORDERED that the communications provided by Breen for *in-camera* review by the Court will be made available to Plaintiffs and Defendant WCA at **12:00 p.m. on August 17, 2015**. WCA may thereafter send a courier to collect two copies of the *in-camera* communications – one for WCA and one for Plaintiffs – from my Chambers if an appeal of this Order has not been filed by Breen. Further, in light of this Order, the Court **extends** the dispositive motions deadline to **August 19, 2015**.

Dated at Denver, Colorado, this 11th day of August, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge